Case No.  **CV 17-08144 VAP (AFMx)**                              Date: November 15, 2017

Title  **Ocean Development, Inc. v. Archie McNeal, Ernestine Underwood, La Gina Easley, Does 1-10, inclusive**

Present: The Honorable: VIRGINIA A. PHILLIPS, CHIEF U.S. DISTRICT JUDGE

| Beatrice Herrera | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:           Attorneys Present for Defendants:
N/A                                                              N/A

**Proceedings:** (In Chambers)    **ORDER REMANDING MATTER TO STATE COURT**

Ocean Development, Inc. ("Plaintiff") instituted unlawful detainer proceedings against Archie McNeal, Ernestine Underwood, La Gina Easley and Does 1 to 10 ("Defendant") in state court. It appears that the state court complaint attached to the Notice of Removal has the correct first page, but subsequent pages relate to a different case. In any event, review of the document provides the following information. Defendants have allegedly continued in unlawful possession of the property located at 639 W. 95th Street, Los Angeles, CA 90044 (the "Property") that is owned by Plaintiff. Defendants have remained in possession of the Property. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Defendant La Gina Easley removed the action to this Court on November 8, 2017. Defendant asserts federal question jurisdiction in this Court for violations of the federal statute: Real Estate Settlement Procedures Act ("RESPA"). (Notice of Removal, pp. 2-4.) Diversity jurisdiction is not alleged.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93.  From review of the materials submitted with the Notice of Removal, this is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.  Defendant's assertion of RESPA in his Notice of Removal is an apparent attempt to allege a counterclaim against Plaintiff based on the federal statute.  That, however, does not create federal question jurisdiction over a state law dispute and defendant has not met her burden of proving jurisdiction exists in this Court. *See, e.g., HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195, at n.2, *3 (S.D. Cal. Nov. 10, 2009) (remanding state court unlawful detainer action for lack of jurisdiction where RESPA alleged as counterclaim); *Prestige Homes, LLC v. Willis*, 2014 WL 295049, at *3 (E.D. Cal. Jan. 24, 2014) (same).

Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

**IT IS SO ORDERED**

cc:  Pro Se Defendant

|  | : |
|---|---|
| **Initials of Preparer** | bh |